# -EXHIBIT A-

Clerk of the Circuit Court Public
Access System

| Search | Contact Us |
| --- | --- |

Search > Select a Case > Case Number 19CH00000710, PRESSMAN, INC. VS SMITH MEDICAL PART

## Court Case Details

**Case Number:** 19CH00000710          **Case Status:** ACTIVE

**Case Title:** PRESSMAN, INC. VS SMITH MEDICAL PART          **Filed Date:** 2019-06-13

**Case Type:** CHANCERY

**Case SubType:** CLASS ACTION

| Parties on Case | Judgment | Court Events | Documents Filed |
| --- | --- | --- | --- |

| Filed Date | Document Type | Document Action |
| --- | --- | --- |
| 2019-06-13 | COMPLAINT | E FILED |
| 2019-06-13 | MOTION | E FILED |
| 2019-06-13 | CERTIFICATE OF ATTORNEY | E FILED |

**FILED**
**6/13/2019 11:51 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

PRESSMAN, INC. et al., individually and as the representatives of a class,  )
  )
vs.  )
  )
SMITH MEDICAL PARTNERS, LLC and H.D. SMITH, LLC,  )

**19CH00000710**

Gen No. _____

## CERTIFICATE OF ATTORNEY – CIVIL DIVISION

1)  Pursuant to Local Rule 2-2.01(c), I hereby certify that:

☐ There has been no previous Voluntary or Involuntary Dismissal of the subject matter of this litigation.

☐ There is no other litigation presently pending in the county involving these parties.

☑ There has been a previous Voluntary or Involuntary Dismissal of the subject matter of this litigation and at the time of dismissal that Case No. 17-cv-02233 (MD Florida) was assigned to the

Honorable Charlene Edwards Honeywell

☑ There is other litigation presently pending in the county involving the parties to or subject matter to this lawsuit and that case(s) is/are assigned Case No.(s) 2018CH000984 which is/are assigned to the

Honorable Luis A. Berrones

2)  Are you seeking any injunctive relief?

☑ Yes - Select the appropriate case subtype under the Chancery-CH heading below.
☐ No - Select the appropriate non-Chancery case subtype below.

This data is being gathered for administrative purposes and will not be used for any other purpose.

**Arbitration – AR**
☐ Arbitration/Tort
☐ Arbitration/Contract
☐ Foreign Judgment
☐ Other subtype _____

**Chancery – CH**
☐ Residential Mortgage Foreclosure
☐ Residential Mortgage Foreclosure w/Mechanics Lien
☐ Non-Residential Mortgage Foreclosure
☐ Injunction
☐ Specific Performance
☐ Mechanics Lien Foreclosure
☐ Complaint for Rescission
☐ Partition
☐ Quiet Title
☑ Class Action
☐ Structured Settlement
☐ Foreign Judgment
☐ Other subtype _____

**Eminent Domain – ED**
☐ Eminent Domain
☐ Condemnation
☐ Other subtype _____

**Law Magistrate – LM**
☐ Eviction
☐ Eviction as result of mortgage foreclosure
☐ Replevin
☐ Detinue
☐ Distress for Rent
☐ Foreign Judgment
☐ Confirm Arbitrator's Award
☐ Confession of Judgment
☐ Other subtype _____

**Law – L**
☐ Tort
☐ Contract
☐ Product Liability
☐ Medical Malpractice
☐ Legal Malpractice
☐ Forcible Entry and Detainer
☐ Replevin
☐ Accounting Malpractice
☐ Foreign Judgment
☐ Confirm Arbitrator's Award
☐ Other subtype _____

**Municipal Corporation – MC**
☐ Annexation
☐ Disconnection
☐ Other subtype _____

**Miscellaneous Remedy – MR**
☐ Declaratory Judgment
☐ Corporation Dissolution
☐ Election Contest
☐ Mandamus
☐ Habeas Corpus
☐ Review of Administrative Proceeding/Statutory
☐ Review of Administrative Proceeding/Certiorari
☐ Quo Warranto
☐ Change of Name
☐ Forfeiture
☐ Fugitive from Justice
☐ Search Warrant
☐ Application for Eavesdropping Device
☐ Foreign Judgment
☐ Non-Attendance of Jurors
☐ Miscellaneous
☐ Other subtype _____

**Tax – TD**
☐ Deeds
☐ Other subtype _____

**Probate – P**
☐ Decedent/Testate > $15,000
☐ Decedent/Intestate > $15,000
☐ Decedent/Testate $15,000 or less
☐ Decedent/Intestate $15,000 or less
☐ Guardianship of Person/Disabled Person
☐ Guardianship of Estate/Disabled Person
☐ Guardianship of a Person and Estate/Disabled Person
☐ Guardianship of Person/Minor
☐ Guardianship of Estate/Minor
☐ Guardianship of Person and Estate/Minor
☐ Proof of Heirship Alone
☐ Foreign Judgment
☐ Other subtype _____

**Tax – TX**
☐ Objections
☐ Disposition of Collections of Judgment of Settlement
☐ Sale in Error
☐ Other subtype _____

Bock, Hatch, Lewis & Oppenheim, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: (312) 658-5500
Facsimile: (312) 658-5555
E-mail: service@classlawyers.com

Print Name Phillip A. Bock    (ARDC# 6224502)  _____

Signature /s/Phillip A. Bock  _____

☑ Attorney    ☐ Self-Represented Litigant

171-366 (Rev 7/18)

**FILED**
**6/13/2019 11:51 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

### IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
### LAKE COUNTY, ILLINOIS

| | |
|---|---|
| PRESSMAN, INC., WESTON PILL BOX, INC., DAVIE PILL BOX, LLC, and PILL BOX PINES WEST, LLC, all d/b/a PILL BOX PHARMACIES AND MEDICAL SUPPLY, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) No. 19CH00000710 |
| v. | ) ) |
| SMITH MEDICAL PARTNERS, LLC and H.D. SMITH, LLC, | ) ) ) |
| Defendants. | ) |

## CLASS ACTION COMPLAINT

Plaintiffs Pressman, Inc., Davie Pill Box, LLC, Pill Box Pines West, LLC, and Weston Pill Box, Inc., all d/b/a Pill Box Pharmacies and Medical Supply (collectively "Plaintiffs"), bring this action on behalf of themselves and all other persons similarly-situated and, except as to those allegations pertaining to Plaintiffs or their attorneys, which allegations are based upon personal knowledge except as stated otherwise, allege the following upon information and belief against defendants H.D. Smith, LLC and Smith Medical Partners, LLC (collectively "Defendants"):

## PRELIMINARY STATEMENT

1.     On behalf of themselves and the class, Plaintiffs seek statutory damages and other relief from Defendants' practice of sending unsolicited advertisements by facsimile.

2. Defendants have sent advertisements by facsimile in an attempt to market and sell property, goods, or services.

3. The federal Telephone Consumer Protection Act, 47 USC § 227 (the "TCPA"), prohibits any person or entity from sending or having an agent send any "unsolicited advertisement" by facsimile ("junk faxes" or "unsolicited faxes").

4. The TCPA mandates that if a person or entity sends an otherwise-unsolicited advertisement by facsimile to a fax recipient with which the sender has an "established business relationship," then the sender must always include a very specific, clear, and conspicuous opt-out notice on the first page of the advertisement. *See* 47 U.S.C. § 227 (b) (2) (D); and 47 C.F.R. § 64.1200 (a) (4) (iii).

5. The TCPA provides a private right of action and provides statutory damages of $500 per violation. If the Court finds the advertisements were sent knowingly or willfully, then the Court can increase the damages up to three times $500.

6. Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

2

7. On behalf of themselves and all others similarly-situated, Plaintiffs bring this case as a class action asserting claims against Defendants under the TCPA and the common law of conversion.

8. Plaintiffs seek an award of statutory damages for each violation of the TCPA.

## PARTIES, JURISDICTION AND VENUE

9. Pressman, Inc. is a Florida corporation with its principal place of business in Pembroke Pines, Florida.

10. Weston Pill Box, Inc. is a Florida corporation with its principal place of business in Weston, Florida.

11. Pill Box Pines West, LLC is a Florida limited liability company with its principal place of business in Pembroke Pines, Florida.

12. Davie Pill Box, LLC is a Florida limited liability company with its principal place of business in Davie, Florida.

13. H.D. Smith, LLC is a Delaware limited liability company corporation and had its principal place of business in Springfield, Illinois at the time when all relevant conduct occurred.

14. Smith Medical Partners, LLC is a Delaware limited liability company and had its principal place of business in Carol Stream, Illinois, at the time when all relevant conduct at issue occurred.

15. Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendants have resided in Illinois, transacted business in Illinois, and committed tortious acts in

Illinois related to the matters complained of herein. Venue is proper in Lake County pursuant to 735 ILCS 5/2-101, *et seq.* because some of the tortious acts complained of occurred in Lake County, Illinois. Specifically, some of the illegal faxing alleged herein took place in Lake County, Illinois.

## FACTS

16.     Defendant H. D. Smith, LLC distributes and supplies healthcare products and business solutions to manufacturers and healthcare providers in the United States. The company distributes prescription, brand, generic, and specialty pharmaceuticals; consumer products; home healthcare supplies; durable medical equipment; prescription ware products; seasonal merchandise products; over-the-counter items; and pharmacy supplies. In 2018, H.D. Smith was acquired by AmerisourceBergen Corporation.

17.     Defendant Smith Medical Partners, part of the H.D. Smith companies, is a leading national distributor of specialty pharmaceutical products for healthcare providers and offers scalable third party logistics solutions for pharmaceutical manufacturers.

18.     On information and belief, Defendants have sent thousands of advertisements in fax broadcasts to one or more lists of targeted recipients throughout the United States and throughout the class period alleged herein. Plaintiffs have been unable to locate copies of faxes they received from Defendants but attached as Exhibit A is a copy of an advertisement Defendants are known to have sent by fax.

4

19.    Exhibit A and other faxes sent by or on behalf of Defendants advertised goods, products, or services available for purchase from Defendants.

20.    Plaintiffs are among the persons to whom Defendants sent advertisements by fax. On information and belief, Plaintiffs received Exhibit A and similar advertisements sent by Defendants.

21.    Plaintiffs did not expressly invite or give permission to anyone to send an advertisement by fax from Defendants.

22.    Defendants' faxes did not contain the opt-out notices required by the TCPA. *See, e.g.*, Exhibit A.

23.    On information and belief, Defendants sent faxes to Plaintiffs and more than 39 other recipients without their prior express permission or invitation, and without the opt-out notice required on faxes sent to persons with which Defendants can demonstrate an "established business relationship." This allegation is based, in part, on the fact that Plaintiffs never expressly invited or permitted anyone to send the subject fax advertisements to them, that sending advertisements by fax is an inexpensive way to reach a wide audience, and Exhibit A has no opt-out notice.

24.    There is no reasonable means for Plaintiffs (or any other putative class member) to avoid receiving unsolicited advertisements by facsimile when they lack a compliant and functional opt-out notice. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

25.     Two prior class actions raising similar allegations against Defendants have been filed and voluntarily dismissed. The earliest of the two was filed on September 27, 2017. These actions have served to toll the statute of limitations for Plaintiffs and the members of the alleged class.

<u>CLASS REPRESENTATION ALLEGATIONS</u>

26.     Plaintiffs brings this action as a class action on behalf of themselves and all others similarly-situated as members of the class, initially defined as follows:

> All persons sent at least one telephone facsimile message (a "fax"): (1) on or after September 27, 2013; (2) from or on behalf of H.D. Smith, LLC or Smith Medical Partners, LLC; (3) advertising the commercial availability or quality of property, goods, or services; (4) without the fax recipient's prior express invitation or permission; and (5) without the clear and conspicuous opt-out notice required by 47 C.F.R. § 64.1200 (a) (4) (iii).

27.     Excluded from the class are Defendants, any entity in which Defendants have a controlling interest, any officers or directors of Defendants, the legal representatives, heirs, successors, and assigns of Defendants, and any Judge assigned to this action, and his or her family.

28.     This action is brought, and may properly be maintained as, a class action under 735 ILCS 5/2-801. This action satisfies the class action prerequisites because the class is too numerous for individual joinder, common questions of law or fact predominate over individual questions, the representative parties and their attorneys will fairly and adequately protect the interests of the entire class, and this class action is an appropriate method for the fair and efficient adjudication of the controversy.

29. **Numerosity/Impracticality of Joinder**: On information and belief, the class includes more than thirty-nine persons and, thus, is so numerous that joinder of all members is impracticable. The precise number of class members and their identities are unknown to Plaintiffs, but can be obtained from Defendants' records or the records of third parties.

30. **Questions of Law or Fact Common to the Class**: There is a well-defined community of interest and common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

a. Whether Defendants sent unsolicited advertisements by fax;

b. Whether Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

c. The manner and method Defendants used to compile or obtain the list(s) of fax numbers to which they sent advertisements by fax;

d. Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

e. Whether Defendants included clear and conspicuous opt-out notices on their faxed advertisements, including all content the TCPA requires;

7

  f.  Whether each Defendant is, respectively, directly or vicariously liable for violating the TCPA;

  g.  Whether Plaintiffs and the other class members are entitled to statutory damages;

  h.  Whether Defendants should be enjoined from faxing advertisements in the future;

  i.  Whether the Court should award trebled damages; and

  j.  Whether Defendants' conduct constituted common law conversion.

31. **<u>Fair and Adequate Representation</u>**: Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs do not have any interests adverse to the class. Plaintiffs have retained counsel who are experienced in class action litigation generally and the TCPA specifically.

32. **<u>Appropriateness</u>**: A class action is an appropriate method for the fair and efficient resolution of this controversy. Plaintiffs envision no difficulty in the management of this case as a class action.

**COUNT I**
**<u>TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227</u>**

33. Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

34. Plaintiffs bring Count I on behalf of themselves and a class of similarly-situated persons.

8

35.     The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

36.     The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

37.     The TCPA provides:

> 3.     <u>Private right of action</u>.     A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)     An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)     An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)     Both such actions.

47 U.S.C. § 227 (b) (3).

38.     In relevant part, the TCPA states that "[t]he [Federal Communications] Commission shall prescribe regulations to implement the requirements of this subsection . . . in implementing the requirements of this subsection, the Commission shall provide that a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (i) the notice is clear and conspicuous . . ." 47 U.S.C. § 227 (b) (2) (D) (i).

9

39. Additionally, "a notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (ii) the notice states that the recipient may make a request to the sender of the unsolicited advertisement not to send any future unsolicited advertisements to a telephone facsimile machine or machines and that failure to comply, within the shortest reasonable time, as determined by the Commission, with such a request meeting the requirements under subparagraph (E) is unlawful . . ." 47 U.S.C. § 227 (b) (2) (D) (ii). The shortest reasonable time has been determined to be thirty (30) days. 47 C.F.R. § 64.1200 (a) (4) (iii) (B).

40. The opt-out notice must also include "a domestic contact telephone and facsimile number for the recipient to transmit such a request to the sender" as well as a "cost-free mechanism for a recipient to transmit a request pursuant to such notice . . ." 47 U.S.C. § 227 (b) (2) (D) (iv).

41. "A notice contained in an unsolicited advertisement complies with the requirements under this subparagraph only if . . . (v) the telephone and facsimile machine numbers and the cost-free mechanism . . . permit an individual or business to make such a request at any time on any day of the week." 47 U.S.C. § 227 (b) (2) (D) (v).

42. The FCC's regulations of opt-out notices on facsimile advertisements are set forth at 47 C.F.R. § 64.1200 (a) (4) (iii)

43. The Court, in its discretion, can treble the statutory damages if the violation was knowing or willful. 47 U.S.C. § 227.

44. Defendants violated 47 U.S.C. § 227 *et seq.* by sending advertisements by fax to Plaintiffs and the other class members without first obtaining their prior express invitation or permission and, to the extent Defendants will contend they sent the facsimiles on the basis of "established business relationship," by failing to include a clear, conspicuous, and content-rich opt-out notice on the first page of each facsimile.

45. Defendants violated 47 U.S.C. § 227 *et seq.* by not providing opt-out notices on the first page of each advertisement sent by fax.

46. Facsimile advertising imposes burdens on unwilling recipients that are distinct from those imposed by other types of advertising. The content of the required opt-out notice is designed to ensure that the recipients know how to prevent and avoid future fax transmissions of advertising material. If senders do not clearly and conspicuously provide the opt-out content to the recipients, then the recipients are unable to stop the burdens imposed by this form of advertisement.

47. The TCPA is a strict liability statute and Defendants are liable to Plaintiff and the other class members even if their actions were negligent.

48. Each Defendant is liable because, respectively, it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to and/or constituting the violation, the faxes were sent on its behalf, and/or under general principles of vicarious liability applicable under the TCPA, including actual authority, apparent authority and ratification.

49.     Defendants knew or should have known that Plaintiffs and the other class members had not given express invitation or permission for Defendants or anybody else to send them advertisements by facsimile and that the faxes did not display the opt-out notices required by the TCPA (including the FCC's regulations).

50.     Defendants' actions caused damages to Plaintiffs and the other class members.  Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, the subject faxes used Plaintiff's and the class's fax machines. The subject faxes cost Plaintiffs time, as Plaintiffs and their employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. Time otherwise would have been spent on Plaintiffs' business activities. Defendants' faxes unlawfully interrupted Plaintiffs' and the other class members' privacy interests in being left alone. Finally, the injury and property damage sustained by Plaintiffs and the other class members from the sending of the faxes occurred outside Defendants' premises.

51.     Even if Defendants did not intend to cause damage to Plaintiffs and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendants' advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly-situated, demand judgment in their favor and against Defendants, jointly and severally as follows:

12

A.      That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the representatives of the class, and appoint Plaintiffs' counsel as counsel for the class;

B.      That the Court award $500.00 in statutory damages for each violation of the TCPA;

C.      That the Court treble the statutory damages to $1,500 per violation if it finds that either Defendants' conduct was knowing or willful;

D.      That the Court enter an injunction prohibiting Defendants from engaging in the statutory violations at issue in this action; and

E.      That the Court award costs and such further relief as the Court may deem just and proper.

**COUNT II**
**CONVERSION**

52.      Plaintiffs incorporate paragraphs 1 through 32 as though fully set forth herein.

53.      Plaintiffs bring Count II on behalf of themselves and a class of similarly-situated persons and alleging claims under the common law of conversion.

54.      By sending Plaintiffs and the other class members unsolicited faxes, Defendants improperly and unlawfully converted their fax machines, toner and paper to Defendants' own use.  Defendants also converted the recipients' time to their own marketing use.

55.    Immediately prior to the sending of the unsolicited faxes, Plaintiffs and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

56.    By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

57.    Defendants knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

58.    Plaintiffs and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.  Plaintiffs and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendants.

59.    Each of Defendants' unsolicited faxes that Plaintiffs received effectively stole Plaintiffs' employees' time by forcing one or more employees to receive, review, and act upon Defendants' illegal faxes. Just the time spent in retrieving an unsolicited facsimile from the fax machine, reviewing it, and tossing it in the garbage can is burdensome and wasteful and converts Plaintiffs valuable time to Defendants' marketing effort. Defendants knew or should have known employees' time is valuable to Plaintiffs.

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly-situated, demand judgment in its favor and against Defendants, jointly and severally as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiffs as the representatives of the class, and appoint Plaintiffs' counsel as counsel for the class;

B.     That the Court award appropriate damages;

C.     That the Court award punitive damages.

D.     That the Court award reasonable attorney's fees;

E.     That the Court award costs of suit; and

F.     That the Court award such further relief as it may deem just and proper.

Respectfully submitted,

PRESSMAN, INC., WESTON PILL BOX, INC., DAVIE PILL BOX, LLC, and PILL BOX PINES WEST, LLC, all d/b/a PILL BOX PHARMACIES AND MEDICAL SUPPLY, individually and as the representatives of a class of similarly-situated persons,

By:     /s/ Phillip A. Bock
        One of their attorneys

Phillip A. Bock (ARDC# 6224502)
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5555
service@classlawyers.com

15

EXHIBIT A

09-15-2017 8:11          866-232-1222                    1/1



# Smith Medical Partners

*Trusted, experienced and knowledgeable pharmaceutical distributor serving treatment centers across the US.*

Let us be your one-stop shop for all of your pharmaceutical needs.

| PRODUCT | NDC NUMBER | MATERIAL NUMBER | PACK SIZE | COST |
|---|---|---|---|---|
| BUPRENORPH 2MG ODT | 62756045983 | 5665195 | 30 | $15.00 |
| BUPRENORPH-NAL 2-.5MG ODT | 50383029493 | 5574140 | 30 | $29.00 |
| BUPRENORPH 8MG ODT | 50383093093 | 2560324 | 30 | $30.00 |
| BUPRENORPH-NAL 8-2MG ODT | 50383028793 | 5574132 | 30 | $35.00 |
| METHADONE 10MG TAB | 67877011601 | 2579506 | 100 | $10.12 |
| METHADONE 40MG TAB | 00406254001 | 1973569 | 100 | $23.76 |
| METHADONE 5MG/5ML SOL500ML | 00054355563 | 670042 | 1 | $36.68 |
| METHADONE CHRY 10MG/ML 1L | 00054039268 | 2322782 | 1 | $45.92 |
| NALTREXONE 50MG TAB | 47335082683 | 3509015 | 30 | $20.72 |
| SUBOXONE 2-.5MG FILM | 12496120203 | 2356160 | 30 | $133.85 |
| SUBOXONE 4-1MG FILM | 12496120403 | 3562485 | 30 | $239.78 |

Smith Medical Partners is easy to do business with. Our customers enjoy these benefits:

* Fast, secure distribution services
* On-time, accurate order delivery
* Competitive pricing
* No minimum orders
* No contracts
* Flexible shipping and payment options
* Responsive, knowledgeable account team

**To place your order or for more information about our substance abuse product portfolio, call 800.292.9653.**

If you do not have an account with Smith Medical Partners and would like additional pricing, please email smpsales@smpspecialty.com.

*Pricing effective 9.15.2017. Prices are subject to change upon manufacturer's request.*

**FILED**
**6/13/2019 11:51 AM**
**ERIN CARTWRIGHT WEINSTEIN**
**Clerk of the Circuit Court**
**Lake County, Illinois**

### IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT LAKE COUNTY, ILLINOIS

| | | |
|---|---|---|
| PRESSMAN, INC., WESTON PILL BOX, INC., DAVIE PILL BOX, LLC, and PILL BOX PINES WEST, LLC, all d/b/a PILL BOX PHARMACIES AND MEDICAL SUPPLY, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 19CH00000710 |
| v. | ) ) ) | |
| SMITH MEDICAL PARTNERS, LLC and H.D. SMITH, LLC, | ) ) ) | |
| Defendants. | ) | |

### <u>PLAINTIFFS' MOTION FOR CLASS CERTIFICATION</u>

Plaintiffs Pressman, Inc., Davie Pill Box, LLC, Pill Box Pines West, LLC, and Weston Pill Box, Inc., all d/b/a Pill Box Pharmacies and Medical Supply (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, respectfully move the Court pursuant to 735 ILCS 5/2-801, *et seq.*, to certify a class in this case, offering the following in support thereof:

1.     Plaintiffs propose the following class definition:

All persons sent at least one telephone facsimile message (a "fax"): (1) on or after September 27, 2013; (2) from or on behalf of H.D. Smith, LLC or Smith Medical Partners, LLC; (3) advertising the commercial availability or quality of property, goods, or services; (4) without the fax recipient's prior express invitation or permission; and (5) without the clear and conspicuous opt-out notice required by 47 C.F.R. § 64.1200 (a) (4) (iii).

2.      The class defined above is so numerous that joinder of all members is impracticable. 735 ILCS 5/2-801(1). A class action is appropriate when joinder is economically impracticable for both the litigants and the court. 735 ILCS 5/2-801(1); *see also Steinberg v. Chicago Med. Sch.*, 69 Ill. 2d 320 (1977). When there is a large number of potential claimants, and the individual amount of each claim is relatively small, Illinois courts are particularly receptive to a class action. *See Miner v. Gillette Co.*, 87 Ill. 2d 7 (1981). Although there is no "magic number" that always establishes whether a class is so numerous that individual joinder would be impracticable, 40 is typically treated as the threshold above which numerosity is presumed. *See Wood River Area Devel. Corp. v. Germania Fed. Savings and Loan Assoc.*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990) ("Our research has supported this guideline."). Class-related discovery will provide the Court with the necessary details, but on information and belief the class in this case exceeds 40 members.

3.      There are questions of fact or law common to the class, which predominate over any question affecting only individual members. 735 ILCS 5/2-801 (2). The case involves common fact questions about Defendants' practice of sending advertisements by facsimile and common legal questions under the federal Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"), such as:

a.      Whether Defendants sent unsolicited advertisements by fax;

b.      Whether Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

2

c.      The manner and method Defendants used to compile or obtain the list(s) of fax numbers to which they sent advertisements by fax;

d.      Whether Defendants faxed advertisements without first obtaining the recipients' express permission or invitation;

e.      Whether Defendants included clear and conspicuous opt-out notices on their faxed advertisements, including all content the TCPA requires;

f.      Whether each Defendant is, respectively, directly or vicariously liable for violating the TCPA;

g.      Whether Plaintiffs and the other class members are entitled to statutory damages;

h.      Whether Defendants should be enjoined from faxing advertisements in the future;

i.      Whether the Court should award trebled damages; and

j.      Whether Defendants' conduct constituted common law conversion.

4.      In *P.J.'s Concrete Pumping Serv.*, 345 Ill. App. 3d 992, 1003 (2d Dist. 2004), the Appellate Court explained why certification is especially appropriate in a case involving uniform misconduct:

> The primary factual issue in this case is a uniform billing practice that allegedly violated the Consumer Fraud Act in the same manner as to all class members. The propriety of such a uniform practice is amenable to being resolved in a class action. Once the trial court finds that a predominating question of fact or law exists, the presence of

3

individual questions does not necessarily defeat class certification.
*Id., citing Kennedy v. Commercial Carriers, Inc.*, 294 Ill. App. 3d 34, 39 (1st Dist. 1997). Similarly, this case will focus squarely on Defendants' fax advertising campaigns.

5.     Plaintiffs and their counsel will adequately protect the interests of the class.  735 ILCS 5/2-801 (3). The adequate representation requirement is designed to ensure that all class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claims. *See Gordon v. Boden*, 224 Ill. App. 3d 195, 203 (1st Dist. 1991). The adequacy of representation requirement is satisfied if Plaintiffs' counsel are qualified, experienced, and generally able to conduct the proposed litigation and there are no antagonistic interests between the representative party and the class. *See Carillo* v. *Jam Productions, Ltd.,* 108 Ill. App. 3d 126 (1st Dist. 1982). Plaintiffs have retained counsel experienced in class actions generally and the TCPA specifically.

6.     This class action is an appropriate method for the fair and efficient adjudication of the controversy. 735 ILCS 5/2-801 (4). Section 5/2-801 (4) requires that the "class action is an appropriate method for the fair and efficient adjudication of the controversy."  735 ILCS 5/2-801(4). When the first three statutory criteria are met, this "manifest[s] that the final requirement of the statute is fulfilled." *Steinberg*, 69 Ill. 2d at 339. *See also Barliant* v. *Follett Corp.,* 74 Ill. 2d 226, 239-40 (1978). As demonstrated above, the first three criteria are met in this action.

7.     Moreover, when determining whether a class action is appropriate,

4

courts often consider whether the class action device can best secure economies of time, effort and expenses and promote uniformity of decision or accomplish other ends of equity and justice in the case under consideration. *See, e.g., Gordon*, 224 Ill. App. 3d at 203. Here, the individual class members suffered damages that, while cognizable, are small in terms of their dollar value. Given the small amount of money at issue for each class member and the fact that proof of the class's claims will involve the same central issues, this single case—rather than hundreds of individual cases—offers the best (and perhaps only) means for litigating these claims against Defendants.

WHEREFORE, Plaintiffs pray that this Court enter an order pursuant to 735 ILCS 5/2-801 certifying the class, appointing Plaintiffs as the class representative, and appointing Plaintiffs' attorneys as class counsel.

Respectfully submitted,

PRESSMAN, INC., WESTON PILL BOX, INC., DAVIE PILL BOX, LLC, and PILL BOX PINES WEST, LLC, all d/b/a PILL BOX PHARMACIES AND MEDICAL SUPPLY, individually and as the representatives of a class of similarly-situated persons,

By:     /s/ Phillip A. Bock
            One of their attorneys

Phillip A. Bock (ARDC# 6224502)
BOCK, HATCH, LEWIS & OPPENHEIM, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5500
Facsimile: 312-658-5501
service@classlawyers.com